## GEORGE S. DREW *v.* WILLIAM PECKWELL.

The recital, in an indenture of apprenticeship, of the age of the apprentice, is only *prima facie* evidence, and may be rebutted.

On arriving at the age of twenty one, the apprentice, notwithstanding such erroneous recital, may elect to abandon the contract or not; and leaving his master's service is evidence of his election. The master has then no right to his service, nor to his wages if employed by others.

The defendant, in a suit brought by the master for the services of an apprentice, may prove that the latter, when such services were rendered, had attained his majority, although the fact may appear otherwise by an error in the indentures.

THIS action was brought in the sixth district court, to recover for the services of a young man, who had been bound to the plaintiff, as an apprentice, but left him, and entered the employment of the defendant. By the indentures of apprenticeship, the young man appeared to be still in his minority; but the defendant proved him to be upwards of twenty-one years of age.

The plaintiff had judgment, and the defendant appealed.

*H. Hunt*, for the appellant.

*C. Shaffer*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—The question in this case is, whether an apprentice is concluded by the statement of his age in the indentures, or whether he may by positive proof show that his minority has expired.

The statute makes such statement in the indentures sufficient evidence to allow the same to be taken as the true age without further proof, *i. e.*, the same shall be *prima facie* evidence of the fact, and if erroneous, throwing on the apprentice, or those who dispute his obligation to the master, to prove the fact to be otherwise.

The point is well settled, that an infant can only be held

Drew v. Peckwell.

until he is 21, although there is an error in the indentures which would extend his minority beyond that period. (5 Term Rep. 715.)

The same point was held by me on *habeas corpus*. (*In matter of Wright*, Oct. 1848, C. P.)

These cases apply where the apprentice claims his discharge on proof of his true age, but the principle is equally applicable to the case of an employer of such apprentice after arriving at age, and leaving his employer. The apprentice, on arriving at age has the right to elect whether to abandon the contract or not. Leaving his master's service is evidence of such election, and a person who afterwards employs him is not concluded by the indentures any more than the infant is. The sole ground upon which he is held liable, is the right of the master to the service of the apprentice; and if that right has terminated, the master has no right, either to the service of the apprentice or to his wages, if employed by others.

There is no ground for the position that the defendant is liable for enticing away, or employing plaintiff's hired servant. It is sufficient to say, that no such claim is contained in the complaint, or was set up on the trial. But even if it had been, it would be idle to urge that an apprentice, who is not liable to serve as an apprentice, because he has arrived at age, is still bound as an hired servant, without any new contract for further service made after his arrival at age.

The justice erred in his rulings on these points, and the judgment must be reversed.

Judgment reversed.